## Commonwealth v. Ellsworth

*Paul Millin,* Assistant District Attorney, for Commonwealth.

*Rockwell O'Sheill,* for defendant.

WOLFE, P. J., April 20, 1972.—This is an appeal from summary conviction for speeding under section 1002, subsection (b)(8), 75 PS §1002, of The Vehicle Code.

On June 28, 1971, at approximately 10:55 p.m. defendant was clocked on a radar screen set up by the Pennsylvania State Police traveling at 71 miles per hour in a 55 mile per hour speed zone.

Defendant is employed as a car salesman and at the time was operating a new 1971 Ford with 200 miles on it for his employer and was on his way home following a business meeting. He does not seriously contest the position of the Commonwealth and, in fact, testified he did not know exactly how fast he was traveling but was of the opinion he was within the posted speed limit and was approaching a 60 mile per hour speed limit when he was stopped.

Defendant advances a novel defense that the manufacturer of the vehicle had used the incorrect speedometer gear for the transmission of the vehicle which caused the indicated speed to be 11 miles per hour slower than the actual speed. Defendant contends, therefore, he should not be held responsible for this error, having no prior knowledge of it and not being able to discern that he was traveling faster than his speedometer indicated, since he operated the vehicle only on two prior occasions for a very short distance.

At first blush, it appears it would be a gross injustice for the court to hold an operator responsible for this type of error, if believed. The court recognizes that the manufacturers of automobiles have, at times, recalled thousands of their vehicles to replace

parts or install additional parts for reasons of safety; however, practical experience has not indicated any case where the manufacturer has made an error as herein alleged in a single vehicle and it seems to the court that if such an error were made, literally thousands of operators of the same year and type as that of defendant's vehicle would be experiencing the same difficulty.

A similar argument was used in Sladky Motor Vehicle Operators License Case, 213 Pa. Superior Ct. 403 (1968), wherein defendant asserted as his defense he had reported speedometer and tachometer problems to his employer who had control of the mechanical features of the truck operated by defendant and, therefore, defendant should not be liable for exceeding the speed limit for mechanical failure was not accepted. The court therein stated:

"We are not in accord with the conclusion of the Court below that an offense by the operator of a tractor-trailer may be excused on the ground he was not responsible for the alleged improper functioning of the speedometer."

In the instant case, we recognize that such a holding borders on absolute liability but, nonetheless, this risk to the operator must be weighed against the safety of the public generally. If defendant's argument is accepted, we do not see how the Commonwealth could enforce regulation of the speed of vehicles. It is difficult to imagine any case where an accused could not advance some type of an excuse concerning a malfunction of his vehicle which, in turn, caused an improper speed registration. No provision of The Vehicle Code exonerates an operator for malfunction or improper manufacturing and, consequently, we hold that all operators are responsible for the proper function of their vehicles.

For these reasons, we find the Commonwealth has met its burden of proof and defendant is found guilty beyond a reasonable doubt.

## ORDER

And now, to wit, April 20, 1972, defendant is found guilty as charged and in the absence of appeal is sentenced to pay a fine of $10, together with costs of prosecution. Exceptions noted for defendant.